THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
THIERMAN BUCK
325 W. Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

ATTORNEYS FOR PLAINTIFF
AND ALL OTHERS SIMILARLY SITUATED

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CHAD WIESS, on behalf of himself and all other similarly situated individuals,

Plaintiff,

vs.

CIRCUS AND EL DORADO JOINT VENTURE, LLC d/b/a SILVER LEGACY RESORT CASINO; and DOES 1 through 50, inclusive,

Defendant(s).

Case No.:

**CLASS AND COLLECTIVE ACTION COMPLAINT**

1) Violation of FLSA, 29 U.S.C. § 203(m)(2)(B);

2) Conversion; and

3) Unjust Enrichment.

**JURY TRIAL DEMANDED**

COMES NOW Plaintiff CHAD WIESS ("Plaintiff"), on behalf of himself and all other similarly situated and typical persons, and alleges the following:

All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff named herein and his Counsel. Each allegation in this Complaint either has evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

///

///

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

**JURISDICTION AND VENUE**

1. This Court has original jurisdiction over actions arising under the Constitution, laws, or treaties of the United States, including, without limitation, the FLSA, 29 U.S.C. §§ 201, *et seq.*, as well as implementing regulations of the United States Department of Labor.

2. This Court has jurisdiction pursuant to Section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) which provides that an action based on these provisions "may be maintained against any employer…in any federal or state court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and other employees similarly situated."

3. This Court has supplemental jurisdiction over the state law claims alleged herein pursuant to 28 U.S.C. § 1367(a) that provides in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court because the Defendants named herein maintain a principal place of business or otherwise are found in this judicial district and many of the acts complained of herein occurred in Washoe County, Nevada.

5. Plaintiff on behalf of himself and all others similarly situated herein demand a jury trial on all issues triable by jury.

**PARTIES**

6. Plaintiff CHAD WIESS ("Plaintiff" or "Wiess") is a natural person who was employed by Defendants from on or about June 30, 2021, to on or about October 22, 2025.

7. Plaintiff Wiess is a citizen of the United States and a resident in the State of Nevada, and at all relevant times was domiciled in Washoe County, Nevada.

8. Defendant CIRCUS AND EL DORADO JOINT VENTURE, LLC d/b/a SILVER LEGACY RESORT CASINO ("Silver Legacy") is a domestic limited liability company that owns and operates the Circus Circus Reno a Caesars Destination, El Dorado Reno a Caesars Destination, and Silver Legacy Reno a Caesars Destination, located in Reno, Nevada and are

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

owned and operated by Caesars Entertainment. The sole managing member is Caesar's Entertainment, Inc.

9. Silver Legacy's Agent of Service, Corporation Service Company, is located at 112 N. Curry Street, Carson City, NV, 89703, USA.

10. CIRCUS AND EL DORADO JOINT VENTURE, LLC d/b/a SILVER LEGACY RESORT CASINO are each referred to herein as a "Defendant" or "Defendants". The Defendants named herein are the employers of the Plaintiff and all similarly situated collective and class action members alleged herein.

11. Defendants, and each of them, are employers under the FLSA and are engaged in commerce for the purposes of the FLSA, 29 U.S.C.§ 201 *et. seq*. Defendants, and each of them, are employers under the provisions of Nevada Revised Statutes Chapter 608.011. For labor relations purposes, Defendants are each and together constitute the employer and/or joint employer of Plaintiff and all similarly situated plaintiff class members.

12. The identity of DOES 1-50 is unknown at this time, and this Complaint will be amended at such time when the identities are known to Plaintiff. Plaintiff is informed and believes that each of the Defendants sued herein as DOE is responsible in some manner for the acts, omissions, or representations alleged herein and any reference to "Defendant" or "Defendants" herein shall mean "Defendants and each of them."

**<u>FACTUAL ALLEGATIONS – DEFENDANTS' UNLAWFUL TIP RETENTION POLICY</u>**

13. Plaintiff was employed as a non-exempt hourly paid Casino Dealer by Defendants from on or around June 30, 2021, to on or about October 22, 2025.

14. At the time of Plaintiff's resignation, Plaintiff's base rate of pay was $12.18 per hour plus tips.

15. A tip is defined as "a sum presented by a customer as a gift or gratuity in recognition of some service performed for the customer." *See* 29 C.F.R. § 531.52.

16. Indeed, Defendants acknowledge that these gifts or gratuities are tips because they list them as such on employees' itemized wage statements. *See* Exhibit A, attached hereto, "Wiess Pay Statements."

17. As of November 23, 2021, federal law expressly prohibits employers from keeping employees' tips for any purposes regardless of whether the employer claims a tip credit. *See* 29 U.S.C. § 203(m)(2)(B).

18. A manager or supervisor may keep tips *only* when the tip is based on a service the manager or supervisor *directly* and *solely* provides. *See* 29 C.F.R. § 531.52(b)(2).

19. Pit Bosses are managers employed by Defendants.

20. Pit Bosses are supervisors employed by Defendants.

21. Pit Bosses' primary duties consisted of managing Defendants' enterprise.

22. Pit Bosses customarily and regularly directed the work of at least two or more other full-time employees or their equivalent.

23. Pit Bosses' suggestions and recommendations as to the hiring or firing of employees were given particular weight by Defendants.

24. Specifically, Pit Bosses would regularly direct, manage, and/or supervise the work of Plaintiff and similarly situated Casino Dealers during their assigned shift but did not provide casino dealing services to Defendants' customers.

25. Plaintiff and all similarly situated Casino Dealers were subject to Defendants' unlawful tip retention policy whereby Defendants allowed Pit Bosses to keep tips and regularly and routinely and unlawfully withheld all portions of those tips from Plaintiff and similarly situated Casino Dealers.

26. Upon information and belief Pit Bosses typically received between $200.00 to $500.00 per week that were not remitted to Plaintiff and similarly situated Casino Dealers.

27. Defendants, through Pit Bosses, retained all tips for general business purposes, and for their own financial benefit, including the compensation of Pit Bosses.

28. Retaining tips by Pit Bosses for general business purposes or to pay hourly wages of other employees or for the personal aggrandizement of management personnel is unlawful under the Department of Labor's regulations and federal and state law.

29. Plaintiff and other similarly situated Casino Dealers were deprived of any portion of the tips receive by Pit Bosses as a forced condition of their employment with Defendants.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

30. As a result of Defendants' unlawful tip retention policies, Plaintiff and other similarly situated Casino Dealers were deprived of gratuities, and/or monies for Casino Dealing services since tips are the property of the employee who earns them and not of management.

31. Plaintiff and other similarly situated Casino Dealers are entitled to the actual amount of tips they earned rather than the amount they were left with after implementation of Defendants' mandatory tip retention policies and practices.

32. Plaintiff and other similarly situated Casino Dealers are also entitled to liquidated damages because the Defendants' retention of tips is willful and in reckless disregard of 29 U.S.C. § 203(m)(2)(B).

**COLLECTIVE ACTION ALLEGATIONS**

33. Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

34. Plaintiff brings this action on behalf of himself and all others similarly situated pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

35. Plaintiff brings this action on behalf of himself and the following FLSA Class of similarly situated individuals:

> **FLSA Casino Dealer Class:** All persons who were employed as Casino Dealers, who were subject to Defendants' Tip Retention Policies, and were employed by Silver Legacy Resort or El Dorado Reno in the State of Nevada at any time from 3-years from the filing of this complaint to the present..

36. With regard to the conditional certification mechanism under the FLSA, Plaintiff is similarly situated to those he seeks to represent for the following reasons, among others:

A. Plaintiff was an hourly-paid Casino Dealer employee who did not receive any portion of the tips retained by Defendants.

B. Plaintiff's situation is similar to those he seeks to represent because Defendants failed to remit to Plaintiff and all other FLSA Class Members their full tips.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

C. Common questions exist as to whether Plaintiff and all other members of the FLSA Casino Dealer Class are entitled to the tips retained by Defendants.

D. Upon information and belief, Defendants employ, and have employed, in excess of 500 FLSA Casino Dealer Class Members within the applicable statute of limitations.

E. Plaintiff has signed a Consent to Sue form attached as Exhibit B and filed herewith.

37. The identities of all putative collective class members are within the knowledge of, and can be ascertained by reference to, Defendants' records.

38. As provided by the Fair Labor Standards Act Section 16(b), Plaintiff brings his claims for violation of 29 U.S.C. § 203(m)(2)(B) as a collective action and will seek an order providing that Notice be sent to all putative members of the collective class providing them with notice of the pendency regarding this action and an opportunity to submit a consent to join other similarly situated employees in pursuing the relief sought by this Complaint.

## CLASS ACTION ALLEGATIONS

39. Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

40. Plaintiff also brings claims for Conversion and Unjust Enrichment on behalf of himself and a class of all other similarly situated Casino Dealers, pursuant to common law of Nevada, Nevada state law, and Rule 23 of the Nevada Rules of Civil Procedure.

41. Plaintiff brings this action on behalf of himself and the following similarly situated individuals employed by Defendants:

> **Nevada Casino Dealer Class:** All persons who were employed as Casino Dealers, who were subject to Defendants' Tip Retention Policies, and were employed by Silver Legacy Resort or El Dorado Reno in the State of Nevada at any time from 3-years from the filing of this complaint to the present.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

42. Class treatment is appropriate under Rule 23's class certification mechanism because:

A. The Class is Sufficiently Numerous: Defendants employ and have employed, in excess 500 Class Members within the applicable time period such that the Class is so numerous that joinder is impractical and the interests of justice require that these claims be litigated on a class basis. Because Defendants are legally obligated to keep accurate payroll records, Plaintiff alleges that Defendants' records will establish the members of the Class as well as their numerosity.

B. Plaintiff's Claims are Typical to Those of Fellow Class Members: Plaintiff's claims are typical of the claims of the Class because Defendants retained tips properly due to Plaintiff and members of the Class.

C. Common Questions of Law and Fact Exist: The factual basis of Defendants' misconduct is common to all Class members, including Plaintiff, and represents a common thread of an unlawful policy and practice resulting in the similar injuries and damages sustained by Plaintiff and all members of the Class. Common questions of law and fact exist and predominate as to Plaintiff and the Class Members, including, without limitation, whether Defendants: (i) unlawfully permitted Pit Bosses to retain tips; (ii) improperly interfered with the Class members' tips; and (iii) implemented and executed unlawful tip policies and practices.

D. Plaintiff is an Adequate Representative of the Class: Plaintiff, like all putative Class Members, has been damaged by Defendants' misconduct in that they have been deprived of tips by Defendants' unlawful tip retention policies. Plaintiff will fairly and adequately represent the interests of the Class because Plaintiff is a member of the Class, he has issues of law and fact in common with the Class, and his interests are not antagonistic to Class Members. Plaintiff and his Counsel are aware of their fiduciary responsibilities to Class Members and are determined to

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

discharge those duties diligently by vigorously seeking the maximum possible recovery for Class Members.

E. Predominance/Superior Mechanism: Class claims predominate and a class action is superior to other available means for the fair and efficient adjudication of this controversy for the following reasons among others. Plaintiff and each Class Member has been damaged and is entitled to recovery by reason of Defendants' unlawful tip retention policy. Due to the financial resources of Defendants, no Class Member could realistically afford to seek legal redress individually for the claims alleged herein. The prosecution of individual remedies by each Class Member will tend to establish inconsistent standards of conduct for Defendants and result in the impairment of Class Members' rights and the disposition of their interest through actions to which they were not parties. By contrast, a class action presents far fewer management difficulties, allows claims to be heard which might otherwise go unheard because of the relative expense of bringing individual lawsuits, and provides the benefits of adjudication and comprehensive supervision by a single court. Absent a class action, the Class Members will continue to suffer losses, and Defendants' misconduct will proceed without remedy.

**FIRST CAUSE OF ACTION**

**29 U.S.C. § 203 (m)(2)(B), Violation of The Fair Labor Standards Act – Unlawful Retention of Tips**

(On Behalf of Plaintiff and the FLSA Casino Dealer Class Against Defendants)

43. Plaintiff re-alleges and incorporates by this reference each and every preceding allegation in this Complaint, as if the same were fully set forth herein.

44. Plaintiff has consented in writing to become a party plaintiff in this lawsuit. *See* Exhibit "B" to this Complaint.

45. At all times relevant to this action, Defendants were Plaintiff's and the other similarly situated Casino Dealer employees' employer within the meaning of the Fair Labor Standards Act.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

46. Defendants regularly engaged in interstate commerce and have annual revenues exceeding $500,000.00 per annum.

47. Section 3(m)(2)(B) of the Act provides that, "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

48. An employer may exert control over an employee's tips only to distribute tips to the employee who received them, require employees to share tips with other employees in compliance with § 531.54, or, where the employer facilitates tip pooling by collecting and redistributing employees' tips, distribute tips to employees in a tip pool in compliance with § 531.54. *See* 29 C.F.R. § 531.52(b)(1).

49. An employer may not allow managers and supervisors to keep any portion of an employee's tips, regardless of whether the employer takes a tip credit. *See* 29 C.F.R. § 531.52(b)(2).

50. A manager or supervisor may keep tips that he or she receives directly from customers based ***on the service that he or she directly and solely provides.*** *See* 29 C.F.R. § 531.52(b)(2) (emphasis supplied).

51. Pit Bosses never solely provide casino dealer services to Defendants' customers; Pit Bosses are "managers" or "supervisors" for the purposes of section 3(m)(2)(B) who only supervisor table games while Plaintiff and all other similarly situated employees deal the game.

52. Throughout the three years preceding the filing of Plaintiff's Complaint, Defendants failed to remit to Plaintiff and other similarly situated Casino Dealers all earned tips.

53. Instead, Defendants applied a mandatory tip retention policy for managers and supervisors as set forth above which deprived Plaintiff and those similarly situated of lawfully earned tips in violation of the Fair Labor Standards Act.

54. At all times relevant to this Complaint, Defendants, through their managers and supervisors, were not entitled to retain portions of Plaintiff's and putative class members' tips.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

55. By subjecting the Plaintiff and those similarly situated to Defendants' tip retention policy, Defendants unlawfully withheld, deprived, or confiscated tips belonging to the Plaintiff and other similarly situated Casino Dealers.

56. By allowing Pit Bosses to retain tips, Defendants have ignored and violated the provisions of 29 C.F.R. § 531.52 and § 531.54, and unlawfully deprived Plaintiff and Class Members of earned tips to their collective detriment.

57. Defendants engaged in the aforesaid conduct willfully and with the intent to abuse its authority and economic power over Plaintiff and other similarly situated Casino Dealers by taking advantage of their need for continued employment to force their acquiescence to an unlawful tip retention policy.

58. Defendants' conduct as described herein above was willful and in reckless disregard of 29 U.S.C. § 203(m), *et seq.* and undertaken with the intent and design to deprive Plaintiff and other similarly situated Casino Dealers of their property.

59. Defendants continue to violate the provisions of 29 U.S.C. § 203(m), *et seq.*

60. Plaintiff and other similarly situated Casino Dealers have been damaged by Defendants' conduct in an amount representing the retained tips in an amount according to proof at trial.

61. Plaintiff and other similarly situated Casino Dealers are also entitled to liquidated damages equal to the amount of tips unlawfully retained by Defendants, together with their reasonable attorneys' fees and costs of suit, pursuant to 29 U.S.C. § 216(b).

**SECOND CAUSE OF ACTION**

**Conversion**

(On Behalf of Plaintiff and the Nevada Casino Dealer Class Against Defendants)

62. Plaintiff re-alleges and incorporates by reference all of the allegations of this Complaint with the same force and affect as if fully restated herein.

63. As stated above, federal law states that "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

64. Conversion is: (i) an act of dominion wrongfully exerted over another's personal property; (ii) in denial of, or inconsistent with his title or rights there in, or (iii) in derogation, exclusion, or defiance of such things or title. *See Evans v. Dean Witter Reynolds, Inc.,* 116 Nev. 598, 5 P.3d 1043, 1048 (2000).

65. Defendants, and each of them, have performed each of the elements of a claim for a common count claim of conversion, including causation and damages.

66. Defendants have wrongfully retained tips belonging to Plaintiff and Class Members and have taken specific and readily identifiable funds from Plaintiff and the Class Members. Defendants, without proper authorization, assumed and exercised the right of ownership over these funds, in hostility to the rights of Plaintiff and the Class Members, without legal justification, and with full knowledge that the conduct complained of herein was unlawful.

67. Defendants continue to retain these funds unlawfully and without the consent of Plaintiff or the Class Members.

68. Defendants intend to permanently deprive Plaintiff and the Class Members of these funds.

69. Plaintiff and the Class Members are entitled to the immediate possession of these funds.

70. Defendants have wrongfully converted these specific and readily identifiable funds.

71. Defendants' wrongful conduct is continuing.

72. As a direct and proximate result of Defendants' wrongful conversion, Plaintiff and the Class Members have suffered and continue to suffer damages.

73. Defendants engaged in the aforesaid oppressive conduct with the intent to abuse its authority and economic power over Plaintiff and other similarly situated Casino Dealers by taking advantage of their need for continued employment to force their acquiescence to an unlawful tip retention policy.

74. Wherefore, Plaintiff on behalf of himself and all those similarly situated demands of Defendants, and each of them, return of all tips retained, plus triple damages pursuant to NRS 42.005, interest, attorneys' fees and costs as allowed by law.

**THIRD CAUSE OF ACTION**

**Unjust Enrichment**

(On Behalf of Plaintiff and the Nevada Casino Dealer Class Against Defendants)

75. Plaintiff re-alleges and incorporates by reference all of the allegations of this Complaint above with the same force and affect as if fully restated herein.

76. As stated above, federal law states that "An employer may not keep tips received by its employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit." 29 U.S.C. § 203(m)(2)(B).

77. Unjust Enrichment is: (i) a benefit conferred on the defendant by the plaintiff; (ii) appreciation of the benefit by the defendant; and (iii) acceptance and retention of the benefit by the defendant, in circumstances where it would be inequitable to retain the benefit without payment. *See Kennedy v. Carriage Cemetery Servc., Inc.,* 727 F.Supp. 2d 925, 932 (D. Nev. 2010), *citing Leasepartners Corp., Inc., v. Brooks Trust,* 113 Nev. 747, 942 P.2d 182, 187 (Nev. 1997)

78. Defendants have been unjustly enriched by their retention of tips in circumstances that are illegal and inequitable for Defendants to retain the benefit of the retained tips.

79. Unjust enrichment is actionable at common law.

80. Plaintiff and the Class Members have suffered and continue to suffer actual damages as a result of Defendants' unjust retention of proceeds from their acts and practices alleged herein.

81. Defendants engaged in the aforesaid oppressive conduct with the intent to abuse its authority and economic power over Plaintiff and other similarly situated Casino Dealers by taking advantage of their need for continued employment to force their acquiescence to an unlawful tip retention policy.

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

82. Wherefore, Plaintiff on behalf of himself and all those similarly situated demands of Defendants, and each of them, return of all tips retained, plus triple damages pursuant to NRS 42.005, interest, attorneys' fees and costs as allowed by law.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a jury trial pursuant to Federal Rule of Civil Procedure 38.

**PRAYER FOR RELIEF**

Wherefore Plaintiff, individually and on behalf of all members of the Classes alleged herein, prays for relief as follows:

1. For an order certifying this action as a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b);
2. For an order certifying the action as a traditional class action under Federal Rule of Civil Procedure Rule 23 on behalf of all members of the Nevada Class;
3. For an order appointing Plaintiff as the Representative of the Class, and his counsel as Class Counsel for the Collective and the Nevada Class;
4. Declaration, judgment, and decree that Defendants CIRCUS AND EL DORADO JOINT VENTURE, LLC d/b/a SILVER LEGACY RESORT CASINO conduct as alleged herein:
   a. Constitutes conversion; and
   b. Constitutes unjust enrichment;
5. For compensatory damages equal to the full amount of tips unlawfully retained, according to proof at trial;
6. For liquidated damages in a sum equal to compensatory damages, pursuant to 29 U.S.C. § 216(b);
7. For triple damages pursuant to NRS 42.005;
8. Restitution and/or disgorgement of ill-gotten gains;
9. For interest as provided by law at the maximum legal rate;
10. For reasonable attorneys' fees authorized by statute;
11. For costs of suit incurred herein;

THIERMAN BUCK
325 West Liberty Street
Reno, NV 89501
(775) 284-1500 Fax (775) 703-5027
Email info@thiermanbuck.com www.thiermanbuck.com

12. For pre-judgment and post-judgment interest, as provided by law; and

13. For such other and further relief as the Court may deem just and proper.

DATED: December 10, 2025

THIERMAN BUCK

*/s/Leah L. Jones*

Joshua D. Buck, Nev. Bar No. 12187
josh@thiermanbuck.com
Leah L. Jones, Nev. Bar No. 13161
leah@thiermanbuck.com
325 W. Liberty Street
Reno, Nevada 89501
Tel. (775) 284-1500
Fax. (775) 703-5027

ATTORNEYS FOR PLAINTIFF AND ALL OTHERS SIMILARLY SITUATED